112 N.J. Super. 509 (1970)
271 A.2d 741
PHILIP KRUVANT, NAOMI KRUVANT AND DANIEL KRAM, PLAINTIFFS,
v.
SUNRISE MARKET, INC., A CORPORATION OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, District Court, Essex County.
Decided November 6, 1970.
*510 Mr. Jerome C. Eisenberg for plaintiffs (Messrs. Clapp & Eisenberg, attorneys).
Mr. Gilbert Ehrenkranz for defendant (Messrs. Hellring, Lindeman & Landau, attorneys).
MARZULLI, P.J.D.C.
This is a possessory action for nonpayment of rent. The tenant, Sunrise Market, on January 28, 1966 entered into a long-term lease of a premises in West Caldwell, New Jersey, with the landlord, Philip Kruvant et als. That lease provided in part:
28. Any controversy or claim arising out of, or relating to the interpretation, performance or non-performance of this lease, except the payment by TENANT of rent and real estate taxes (but not excepting any controversy or claim relating to the proper amount thereof payable by TENANT hereunder) shall be settled by arbitration in the City of New York, before the American Arbitration Association and pursuant to their rules and regulations and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Rent shall be paid in accordance with the terms hereof during arbitration.
The tenant has made the payments due under the said lease to the landlord as they became due up through and including the month of August 1970. In August 1970 the tenant expended over $54,000 to repave the parking area, a repair which the tenant alleges should have been made by the landlord but which the landlord, even after proper notice, *511 failed to make. The tenant has failed to pay to the landlord the rent due for the months of September, October and November 1970. The tenant seeks a setoff against the rent due for said months, alleging that it is entitled to that credit as a result of the expenditure for the paving of the parking area. The tenant alleges that under the law, as set forth in Marini v. Ireland, 56 N.J. 130 (1970), the tenant had the right to make the repairs and deduct the cost of the repairs from the rent allegedly due. It is admitted that the tenant had been paying a rental of $5,000 per month many months prior to August 1970. The tenant raises the following questions for the court's determination:
1. Whether the rational of the Marini v. Ireland decision applies in this commercial situation.
2. Whether a possession action by this landlord can be brought since the tenant alleges that the amount of rent due has not been determined as a result of the landlord's violation of the lease.
It is apparent, under the terms of the lease, that all rent shall be paid in accordance with its terms during arbitration of any dispute. The tenant in this instance is asking this court to determine whether or not it is in fact the landlord's obligation to repair or repave the parking area. This, all parties agree, is a proper subject matter for arbitration. It is clear from the lease that during arbitration the rent shall be paid. The problem is, what is the amount of rent to be paid? The parties have, by their actions, established the rental to be $5,000 per month. Paragraph 28 further provides that any controversy or claim relating to the proper amount of rent payable by the tenant shall also be arbitrated. It is this court's considered opinion that pending arbitration the tenant must pay the amount of rent due without reduction. The amount established as being the rent by the parties as a result of their past action is $5,000 per month. The tenant's failure to make payment even during the period of arbitration would entitle the landlord to bring an action for possession.
*512 This court does not feel that it should try a dispute which the parties had previously agreed to arbitrate. When a controversy is within an arbitration clause, it is absolutely arbitrable. Jersey Central Power & Light Co. v. Local Union No. 1289, etc., 38 N.J. 95 (1962), and Sussleaf-Flemington, Inc. v. Bruce, 84 N.J. Super. 599 (App. Div. 1964).
Even if the above conclusion were not correct, it is this court's considered opinion that the doctrine as laid down in Marini v. Ireland, 56 N.J. 130 (1970), and as expanded in Academy Spires, Inc. v. Brown, 111 N.J. Super. 477 (Cty. Dist. Ct. 1970), would not be applicable to commercial tenancies. Justice Haneman stated in Marini
It is of little comfort to a tenant in these days of housing shortage to accord him the right upon a constructive eviction to vacate the premises and end his obligation to pay rent. [56 N.J. at 146]
It is clear that it was the court's intention to limit the remedy as set down in Marini to residential tenancies.
There will be a judgment for possession. Warrant not to issue provided tenant pays the rent to the landlord or deposits the rent due with the court pending appeal.