PHILIP KRUVANT, NAOMI KRUVANT AND DANIEL KRAM, PLAINTIFFS-RESPONDENTS, v. SUNRISE MARKET, INC., A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued March 23, 1971—Decided June 28, 1971.

*Mr. Philip Lindeman, II* argued the cause for defendant-appellant (*Messrs. Hellring, Lindeman & Landau,* attorneys; *Mr. Lindeman,* of counsel).

*Mr. Jerome C. Eisenberg* argued the cause for plaintiffs-respondents (*Messrs. Clapp & Eisenberg,* attorneys; *Mr. Eisenberg,* of counsel).

PER CURIAM: In a summary proceeding in the Essex County District Court, plaintiffs, for non-payment of rent, sought possession of a large supermarket and appurtenant parking lot, held by defendant under a 25 year lease. The court gave judgment for possession, but, pending appeal, stayed issuance of the warrant provided the tenant paid back and future rent at the rate of $5,000 per month. 112 *N. J. Super.* 509 (1970). Pursuant to a subsequent order, all such rent payments have been and are being deposited in an escrow account. Defendant's appeal was certified on our own motion before argument in the Appellate Division. *R.* 2:12–1.

This proceeding represents one stage of long continuing disputes between the landlord and the tenant. The very inclusive and sophisticated commercial lease called for an initial or base rent of $5,000 per month if a certain condition was met. This condition was concededly satisfied. The ultimate rent was subject to adjustment, under a formula specified in the lease, depending on the actual cost of construction of the building the landlord built for the tenant. The parties could not agree on the adjustment after a long period of negotiation and the tenant filed a demand for arbitration under a comprehensive provision in the lease, which reads in pertinent part:

Any controversy or claim arising out of, or relating to the interpretation, performance or non-performance of this lease, except the payment by TENANT of rent and real estate taxes (but not excepting any controversy or claim relating to the proper amount thereof payable by TENANT hereunder) shall be settled by arbitration * * *. Rent shall be paid in accordance with the terms hereof during arbitration.

The arbitration hearings had not been commenced by September 1, 1970, but the tenant had paid rent at the $5,000 rate until that date.

By that date another controversy had arisen between the parties. Defendant claimed that the parking lot had been improperly constructed and maintained by plaintiffs, contrary to the requirements of the lease, and as a result had deteriorated to such an extent that it was discouraging customers and injuring defendant's business. After plaintiffs refused to repair it, defendant did the work at a cost of about $53,000 and claimed the right to set off that sum against the rent until the amount was satisfied, under the allegedly applicable doctrine of *Marini v. Ireland,* 56 *N. J.* 130 (1970). This resulted in defendant withholding the rent commencing September 1, 1970 and precipitated the present action.

 This position constituted the principal defense below and is reasserted here, as well as the further contention that, in any event, plaintiffs should not be entitled to possession because the ultimate rent had not been determined (a contention as to which we see no merit whatever). Plaintiffs' view is that by the express terms of this lease, previously quoted, the tenant is obligated to pay $5,000 monthly to them during and despite arbitration. They further assert that *Marini* is not applicable to alter the specific terms of this lease and that the parking lot controversy is subject to and can only be settled by arbitration. (We were advised at oral argument that that dispute has now also been submitted to arbitration and that arbitration hearings on all controversies were then about to commence.) Plaintiffs are not actually interested in possession so long as they receive the $5,000 per month pending the outcome of the arbitration.

We think it is plain that the parking lot dispute is subject only to resolution by arbitration and that, by the fair interpretation of the terms of the lease, defendant is required to pay plaintiffs the initial rent of $5,000 per month during and pending the outcome of the arbitration of all controversies. The result reached by the trial court that failure to so pay would entitle plaintiffs to possession was therefore correct.

The opinion of the trial court did, however, make the flat statement that *Marini* is not applicable to commercial leases. The statement was unnecessary to the conclusion because here *Marini* was clearly not applicable by virtue of the fact that this lease was negotiated at arm's length between parties of equal bargaining power and of the lease provisions agreeing to arbitration of all disputes and requiring the payment of rent during arbitration. When and under what circumstances the doctrine of *Marini* should be applied in other than residential situations is a matter we leave open for future determination in an appropriate case.

Under these circumstances plaintiffs are entitled to a judgment of possession, but the warrant shall not issue unless defendant fails to pay $5,000 rent monthly at least until the conclusion of the arbitration proceedings. We see no just reason why this sum as it accrues, as well as the amount of past rent presently held in escrow, should not be paid to plaintiffs. Any adjustment can be made after the conclusion and in accordance with the outcome of the arbitration. The lower court's escrow order expires with this decision, so we direct that the amount now so held be turned over to plaintiffs forthwith.

The judgment of the District Court as herein supplemented is affirmed. Costs to respondents.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and MOUNTAIN—7.

*For reversal*—None.