PHILIP KRUVANT, NAOMI KRUVANT AND DANIEL KRAM, PLAINTIFFS-RESPONDENTS, v. SUNRISE MARKET, INC., A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.

Petition filed July 7, 1971—Last memorandum filed October 4, 1971.—Decided October 26, 1971.

_Messrs._ _Clapp_ _&_ _Eisenberg,_ attorneys for plaintiffs-respondents, for the petition.

_Messrs._ _Hellring,_ _Lindeman_ _&_ _Landau,_ attorneys for defendant-appellant, opposed.

PER CURIAM. This summary dispossess action for non-payment of rent by landlords against a tenant of a large supermarket arose because the tenant claimed the landlords were not entitled to any rent pending the determination of the correct amount of rent to be fixed by pending arbitration proceedings called for by the lease and because the tenant further claimed the right to withhold rent until the amount

thereof equalled parking lot repairs paid for by the tenant which it claimed was the landlords' responsibility. By an order of the County District Court made prior to trial, the amount of unpaid rent was deposited by the tenant with the court.

The controversy, although in form an action for possession, was in reality an action to determine the meaning of certain terms of the lease. The trial court held that the tenant was obligated to pay $5000 per month rent under the lease during the arbitration and that the tenant was not entitled to deduct the cost of the repairs. While it gave a judgment for possession it directed that the warrant should not issue provided the tenant paid $5000 per month in escrow pending an appeal. 112 *N. J. Super.* 509 (Dist. Ct. 1970). This was done.

The controversy on the tenant's appeal before us took the same turn. As we said in our opinion, 58 *N. J.* 452, 455: "Plaintiffs are not actually interested in possession so long as they receive the $5,000 per month pending the outcome of the arbitration." (In the interim between the trial and argument of the appeal, the parking lot cost dispute was also submitted to arbitration, not then yet concluded.) This is borne out by the recorded statements of the landlords' attorney at the argument before us. Acting on that representation, we affirmed the judgment, but ordered that the warrant should not issue "unless defendant fails to pay $5,000 rent monthly at least until the conclusion of the arbitration proceedings" and directed that the moneys held in escrow be turned over to the landlords and future monthly payments be made directly to them. We took the course of affirmance solely in order that a suit might be pending, subject to supplementation by further pleadings and hearing, if the tenant failed to make a monthly payment in the future.

The landlords now seek to change their position and have refused to accept the escrow moneys, contending that they "hold an enforceable judgment for possession and do not want to compromise or prejudice their rights by the accept-

ance of any rent." Their petition for rehearing asserts that they *"are* interested in possession." The petition is grounded on the pretext that this court's opinion is unclear as to what was intended.

There is nothing unclear about what we meant. The unpaid $5000 monthly rent having been paid into court prior to the final judgment, the landlords were not entitled to possession with respect to the rent for those months. *N. J. S. A.* 2A:18–55. See *Vineland Shopping Center, Inc. v. De Marco,* 35 *N. J.* 459, 469 (1961) ; *Saveriano v. Saracco,* 97 *N. J. Super.* 43, 46–47 (App. Div. 1967). As indicated above, we only affirmed the trial court judgment for possession for the possible future convenience of the landlords if the tenant defaulted later. And we acted entirely on the landlords' representation that they were interested only in receiving $5000 monthly until at least the arbitration proceedings were completed, all financial questions between the parties determined, the ultimate rent fixed and appropriate adjustments made.

It is entirely too late and improper for the landlords to shift position, and to one not legally tenable. In order that no possible further question may arise, we now amend our judgment by ordering reversal of the trial court's judgment for possession and dismissal of the action, without costs to any party, a course we would have taken initially had the landlords indicated they were interested in possession and not simply in receiving $5000 monthly. The landlords, of course, remain entitled to the escrow moneys.

Our judgment is amended accordingly and the petition for rehearing is denied. Costs to the tenant on the petition.

*For amendment of judgment and denial of rehearing—* Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and MOUNTAIN—7.

*Opposed—*None.