124 N.J. Super. 274 (1973)
306 A.2d 468
HAGOP DEMIRCI, PLAINTIFF-RESPONDENT,
v.
BERNARD V. BURNS, JR., DEFENDANT-APPELLANT. HAGOP DEMIRCI, PLAINTIFF-RESPONDENT,
v.
FANNING PERSONNEL OF PATERSON, DEFENDANT-APPELLANT. HAGOP DEMIRCI, PLAINTIFF-RESPONDENT,
v.
DR. JEROME ALPART, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 4, 1973.
Decided June 20, 1973.
*275 Before Judges CARTON, MINTZ and SEIDMAN.
Mr. Michael G. Rudolph argued the cause for appellants.
Mr. Anthony L. Russo argued the cause for respondent (Messrs. Pett, Russo & Pett, attorneys).
PER CURIAM.
Plaintiff, the owner of a professional office building with 23 tenants, brought a summary action in the county district court to dispossess three occupants who were behind in the rent. Defendants answered, alleging in defense that because the landlord had breached the terms and conditions of the lease in failing to furnish essential services, the monies claimed were not owing. The rental money had been placed in escrow with defendants' lawyer, who deposited it with the court.
At trial the judge ruled that he lacked jurisdiction to hear the equitable defense or the counterclaim which reiterated that defense. Judgment was entered in favor of plaintiff. Defendants' application for a stay of judgment pending appeal was denied, plaintiff maintaining that the rental money was then needed to pay outstanding bills.
The tenants in the present case (an accountant, orthodontist, and employment agency) sought to raise the failure of the landlord to provide adequately functioning heating and air conditioning systems despite a specific covenant in the leases to do so. The judge below expressed sympathy *276 with their plight but added, "I don't think there's anything that this Court at this stage can do. I think in the future we will be able to."
The language in several recent landlord-tenant cases leads us to the conclusion that at least some nonresidental tenants may use equitable defenses in a summary dispossess action. See Reste Realty Corp. v. Cooper, 53 N.J. 444, 462-463 (1969); Marini v. Ireland, 56 N.J. 130 (1970); Kruvant v. Sunrise Market, Inc., 58 N.J. 452 (1971), mod. 59 N.J. 330 (1971). The present case is an appropriate one for the use of such defense since the "commercial tenants" are actually professional men renting relatively small premises for the delivery of personal services.
The judgment below is reversed and the matter remanded for hearing so that defendants may have the opportunity of adducing evidence with respect to the equitable defense and counterclaim.