Sullivan
No. 79-324

ANTHONY AND RUTH GOLUB
d/b/a JONES FOOD SHOP

v.

GORDON COLBY, TRUSTEE FOR THE
ESTATE OF IRA COLBY

September 3, 1980

*Clauson, Struckoff & Kelley*, of Hanover (*K. William Clauson* orally), for the plaintiffs.

*Stebbins & Bradley P.A.*, of Hanover (*Nicholas D. N. Harvey, Jr.*, orally), for the defendant.

BOIS, J. On March 23, 1977, a fire of undetermined origin destroyed a building in which plaintiffs had leased space to operate a small food shop. They sought damages against the defendant-landlord claiming both negligence and a breach of warranty. Plaintiffs took a voluntary nonsuit as to the negligence count and now appeal the Superior Court's (*DiClerico*, J.) granting of the defendant's motion to dismiss the breach of warranty count. We affirm.

The sole issue on appeal is whether the court erred in granting defendant's motion on the grounds that "New Hampshire law recognizes no implied warranty of safety in the rental of business premises."

The plaintiffs argue that the factors considered by this court in *Kline v. Burns*, 111 N.H. 87, 276 A.2d 248 (1971), in a residential setting, are also appropriate and applicable to commercial leases. They rely principally on *Reste Realty Corporation v. Cooper*, 53 N.J. 444, 251 A.2d 268 (1969), which seemed to imply a warranty of fitness to a commercial lease. They also find "indirect" support for their position in various articles and cases involving residential leases and/or statutes relating to housing standards. *See, e.g.*, RSA ch. 48-A.

We are not persuaded by the plaintiffs' arguments. A review of

the authorities cited does not lend support to their position. Moreover, we note that the New Jersey courts, in decisions subsequent to *Reste Realty Corporation v. Cooper supra,* have held that a covenant of habitability is implied in residential leases, but not in business leases. *Van Ness Industries v. Claremont Painting,* 129 N.J. Super. 507, 324 A.2d 102 (1974); *Kruvant v. Sunrise Market, Inc.,* 112 N.J. Super. 509, 271 A.2d 741 (1970); *see Berzito v. Gambino,* 63 N.J. 460, 308 A.2d 17 (1973); *Marini v. Ireland,* 56 N.J. 130, 265 A.2d 526 (1970).

Based upon the facts of this case, we decline to extend, to commercial leases, the implied warranty of habitability found to exist in residential leases. *See Kline v. Burns supra; cf. Albert M. Greenfield & Co., Inc. v. Kolea,* 475 Pa. 351, 380 A.2d 758 (1977) (destruction by fire of commercial property without fault of either party ends all contractual obligations).

*Affirmed.*

All concurred.