Joyce STEINMETZ,
Appellant-Respondent,

v.

MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION,
Appellant-Respondent.

No. 32907.

Missouri Court of Appeals,
Western District.

Nov. 9, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Jan. 4, 1983.

Application to Transfer Denied Feb. 23, 1983.

H. George Lafferty, Jr., Kansas City, for appellant-respondent.

Bruce Ring, Chief Counsel, Earl H. Schrader, Jr., Nancy M. Mellard, Kansas City, for appellant-respondent.

Before NUGENT, P.J., and TURNAGE and LOWENSTEIN, JJ.

TURNAGE, Judge.

Joyce Steinmetz filed suit against a number of defendants seeking damages for the wrongful death of her husband, Martin. Martin was killed when the car he was driving was crushed by a load of beef carcasses which fell from an overturned truck. The truck had been traveling on Interstate

35, in downtown Kansas City, Missouri, and the accident occurred on an overpass where Interstate 35 crosses Interstate 70, on which Martin had been traveling.

Steinmetz appeals from an order requiring her to reduce the prayer of her petition to $100,000, and from a summary judgment entered in favor of the Commission. The Commission cross-appeals from two orders overruling its previous motions for summary judgment. The summary judgment in favor of the Commission is reversed, and all other appeals are dismissed.

While the suit was pending against all defendants, the Commission filed a motion for summary judgment on the ground that it was immune from liability under the doctrine of sovereign immunity as set forth in § 537.600 and § 537.610 RSMo 1978. The court overruled that motion. Steinmetz subsequently settled with all defendants except the Commission for the aggregate sum of $808,000. The Commission then filed a second motion for summary judgment, again alleging its immunity under the statutes cited above. This motion was also denied.

The Commission next filed a motion to require Steinmetz to reduce the prayer in her petition to $100,000. The Commission's theory on this motion was that § 537.610 established that $100,000 was the maximum amount that a political subdivision of the state could be held liable to any one person for in a claim arising out of a single accident or occurrence. The court sustained this motion, and ordered that the prayer for recovery be reduced to $100,000.

After this motion was sustained, the Commission filed a third motion for summary judgment, this time on the ground that Steinmetz's settlement precluded a further recovery. The Commission argued that since she had already received $808,000, she was not as a matter of law entitled to recover any further amount. The court sustained this motion, and entered judgment in favor of the Commission.

■ Although none of the parties have raised any question concerning the finality of any of the judgments appealed from, it is the duty of this court to examine the finality of such a judgment sua sponte, in that this court only has jurisdiction to hear appeals from a final judgment. *Gaa v. Edwards,* 626 S.W.2d 685, 686[1] (Mo.App. 1981). It is well established that in order to constitute a final judgment, a judgment must dispose of all issues and all parties, with certain exceptions not applicable in this case. *Bolin v. Farmers Alliance Mutual Insurance Co.,* 549 S.W.2d 886, 889[3] (Mo. banc 1977).

■ Viewed from this perspective, the order requiring Steinmetz to amend her prayer to seek a maximum of $100,000 was clearly not a final appealable judgment. It did not finally dispose of any issue or party and was thus a purely interlocutory order. Accordingly, the appeal from the order requiring Steinmetz to amend her petition is dismissed.

■ The orders denying the Commission's two motions for summary judgment on the theory that the Commission was immune from liability also fail to constitute final appealable judgments. It is well settled that an order overruling a motion for summary judgment is not a final appealable judgment. *Guthrie v. Reliance Construction Co., Inc.,* 612 S.W.2d 366, 368[1] (Mo. App.1980). For this reason, the Commission's cross-appeal is dismissed.

■ This leaves the appeal by Steinmetz from the summary judgment entered in favor of the Commission. The theory pursued by the Commission in filing its third motion for summary judgment involved MAI 7.01. The Commission reasoned that this instruction would have to be given to the jury, and that it would require the jury to deduct from its verdict the $808,000 that Steinmetz had received from the other defendants. The Commission argued that since this exceeded by some $700,000 the $100,000 statutory limit that Steinmetz could receive from it, this precluded her from recovering any additional amount from the Commission. Review of this judgment will be limited to the theory adopted

by the Commission in the trial court. *Herrington v. Hall,* 624 S.W.2d 148, 153[6] (Mo. App.1981).

 In arguing that under the facts of this case MAI 7.01 precluded any recovery by Steinmetz from the Commission, it is apparent to this court that the Commission has overlooked the fact that even though Steinmetz received $808,000 from the other defendants, this in no way precludes her recovery of an additional sum from the Commission. The rule was stated in *Vinson v. East Texas Motor Freight Lines,* 280 S.W.2d 124, 133[8, 9] (Mo.1955) as follows:

> When an injured party compromises or settles with one of concurrent or joint tort-feasors for a portion of the injuries, the injured person retains his claim or cause of action against the other tort-feasor and recovery may be had for the balance of the damages for the injury (unless the damage caused by each of concurrent or joint tort-feasors is clearly separable, permitting the definite assignment of responsibility to each).

No clear separable negligence was alleged on the part of any defendant in this case. Under *Vinson,* Steinmetz clearly retained her claim against the Commission. It is true that the jury would be instructed by MAI 7.01 that it was to ascertain the amount of Steinmetz's damages, and deduct from it the $808,000 which she had already received from the other defendants.

However, the Commission fails to demonstrate how MAI 7.01 in conjunction with the prior settlement agreement would bar Steinmetz's right to recover whatever additional sum, at least up to the $100,000 limit, that the jury might find to be her total damages. The Commission simply argues that since the $808,000 is more than $100,-000, it was entitled to summary judgment. This court is convinced that the Commission's position is contrary to all logic. The jury could, for example, find that the damages totaled $908,000, and thus return a verdict for $100,000 against the Commission.

The judgment in favor of the Commission on its motion for summary judgment en-

tered on June 22, 1981, is reversed, and this cause is remanded for further proceedings. All other appeals are dismissed.

All concur.