OPINION OF THE COURT

Per Curiam.

Order dated February 5,1982 insofar as appealed from is reversed, with $10 costs; landlord’s motion to strike tenants’ counterclaims is granted.
This nonpayment proceeding was initiated to recover rent under a commercial lease for the months November and December, 1981. The tenants interposed an answer consisting of specific denials, affirmative defenses and three counterclaims. The three counterclaims are all predicated upon landlord’s alleged failure to provide tenants heat for the months November and December, 1981; and in that regard the first counterclaim alleges breach of warranty of habitability and the third counterclaim asserts “violation of public policy.”
*958 The lease between the parties contains a standard clause precluding the tenants from interposing counterclaims in any summary proceeding commenced by landlord to recover rent. Landlord seeking to enforce that clause, moved to dismiss tenants’ three counterclaims. The court below denied that motion stating “Failure of a service as fundamental as heat is inextricably interwoven with nonpayment proceedings.” Landlord now seeks a reversal of that determination.
Lease provisions precluding tenants from. interposing counterclaims in nonpayment summary proceedings have generally been enforced. Not only is such a provision a matter of contract but the character of summary proceedings, which are designed to expeditiously resolve disputes between landlord and tenant, would be undermined if tenants were permitted to litigate complex counterclaims in the context of summary proceedings. That is not to say that the tenant is deprived of a cause of action which he is barred from asserting as a counterclaim in a summary proceeding; the tenant is merely relegated to asserting such cause of action in a plenary action.
An exception to enforcement of tenant’s waiver of his right to assert counterclaims in summary proceedings exists where tenant asserts a counterclaim of breach of warranty of habitability (Real Property Law, § 235-b) in a nonpayment proceeding involving residential leaseholds. Because section 235-b of the Real Property Law expressly provides that the tenant of residential premises must be provided habitable premises and because damages flowing from a breach of warranty of habitability are inextricably intertwined with the landlord’s entitlement to rent, the courts have permitted tenants to assert counterclaims for breach of warranty in residential nonpayment proceedings, notwithstanding tenant’s waiver in the underlying lease, of the right to assert such a counterclaim (Century Apts. v Yalkowsky, 106 Misc 2d 762; Bianchi v Ficoratto, 83 Misc 2d 996; Cosmopolitan Assoc. v Ortega, 90 Misc 2d 437).
The warranty of habitability principle has, however, not been extended to commercial property (Rockefeller Center v LaParfumerie Marco Corp., NYLJ, July 6, 1981, p 5, col 1; *959 230 Park Ave. Assoc. v Term Inds., NYLJ, Feb. 11, 1982, p 6, col 3) and commercial tenants have thus been held liable for rent notwithstanding the landlord’s failure to supply services such as air conditioning and heat. There is thus no reason to relieve commercial tenants of the lease provision waiving the right to assert counterclaims in nonpayment proceedings.
Hughes, P. J., Riccobono and Sullivan, JJ., concur.