OPINION OF THE COURT
Harold Tompkins, J.
The question presented by this motion to dismiss or sever the counterclaims interposed in respondent’s answer is whether counterclaims that would clearly be heard in a residential context should be held in abeyance pending the determination by the trial court of whether the premises are commercial or residential. Respondent has asserted that the premises are covered by the new Loft Law (Multiple Dwelling Law, art 7-C, L 1982, ch 349). If residential, proof on the counterclaims for breach of the implied warranty of habitability (Real Property Law, § 235-b) and the counterclaim for attorney’s fees (Real Property Law, § 234) would be heard. If it is found that the premises are commercial (respondents are in occupancy pursuant to commercial leases), then those counterclaims could not be entertained since the statutory right to assert these counterclaims is expressly limited to residential tenants. It has been held that breach of the implied warranty of habitability has not been extended to commercial leases. (Rockefeller Center v La Parfumerie Marco Corp., NYLJ, July 6, *113 1981, p 5, col 1 [App Term, 1st Dept].) The counterclaim for harassment (Real Property Law, § 235-d) can be asserted in the residential and commercial context (Real Property Law, § 235-d, subd 3).
The lease entered into between the parties contains the standard waiver of counterclaim clause. In commercial leases the clause is consistently upheld. (Bomze v Jaybee Photo Suppliers, 117 Misc 2d 957 [App Term, 1st Dept].) However, in the residential context counterclaims will be entertained in summary proceedings notwithstanding the waiver clause, where the counterclaim is inextricably intertwined with the landlord’s entitlement to rent or possession. (Mid-City Assoc. v Wolf & Co., NYLJ, Jan. 23, 1980, p 10, col 4; Haskell v Surita, 109 Misc 2d 409.)
Here two of the counterclaims are based upon statutory protections afforded to residential tenants. (Real Property Law, §§ 234, 235-b.) If respondent prevails on the claim of Loft Law coverage, these residential protections may be asserted notwithstanding the commercial lease and waiver clause.
Petitioner’s contention that the applicability of the Loft Law is not at issue is clearly without merit. Petitioner’s service of a notice to cure the residential use of these premises is at least a tacit recognition of possible Loft Law coverage. Moreover, respondent has sufficiently raised the issue of Loft Law applicability to warrant a trial on this question.
Accordingly, petitioner’s motion to dismiss or sever the counterclaims interposed by respondent is denied at this time. A determination of this question must await a finding by a trial court of the residential or commercial nature of the tenancy.
The parties shall appear in Part 52 for assignment to a Trial Part on August 10, 1983.