Anthony P. ABUZEIDE,
Plaintiff–Respondent,

v.

The BODY OF CHRIST FELLOWSHIP INCORPORATED, currently named and known as The Word of Life World Outreach Center, Defendant–Appellant.

No. 52372.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 17, 1987.

David L. Ladriere, St. Louis, for defendant-appellant.

J. Patrick Chassaing, Clayton, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from a judgment against it in a court-tried suit for rent due under a lease. We affirm.

The parties entered into a written lease of a building and parking area owned by plaintiff. The lease was for three years to commence March 1, 1982. It contained an option to purchase the premises. The building had previously been used as a furniture store and was to be utilized by defendant for its church services. By mu-

tual agreement the parties delayed the commencement of the lease to April 1, 1982. This allowed plaintiff to complete his going-out-of-business sale and allowed defendant to make certain physical changes in the building necessary for its new use without having to pay rent for March. The rental was $30,000 annually, payable in equal monthly installments of $2500. By July 1982 payments of rent were being made late; by December the rent was substantially in arrears; by June 1983 the payments had stopped entirely. Defendant continued to utilize the building as its church until November 1983. At that time the furnace in the building malfunctioned. Plaintiff refused to repair or replace it and defendant moved its church operation back to the building it had previously occupied. Some of the defendant's property remained in the leased building. In June 1984, plaintiff succeeded in leasing the building to a new tenant at a reduced rate. The rental received from that tenant was credited to the rent owed under the lease by defendant. The new tenant went into bankruptcy in the fall of 1984 and no further rent was received during the lease period. The trial court awarded plaintiff a judgment of $57,-500.

On appeal defendant raises four claims of error. First it contends that the failure of the landlord to replace the furnace was a constructive eviction. The lease provided:

"All repairs and alterations deemed necessary by Lessee shall be made by said Lessee at Lessee's cost and expense with the consent of Lessor; and all repairs and alterations so made shall remain as part of the realty."

"The Lessee ... agrees to use reasonable diligence in the care and protection of said premises during the term of this lease, to keep the water pipes, sewer drains, heating apparatus, elevator machinery and sprinkler system in good order and repair ...."

"Said Lessee will quit and deliver up the possession of said premises to the Lessor ... when this lease terminates ... with all ... boiler and heating apparatus in as good order and condition as the same are now, or may hereafter be made in compliance with all the covenants of this lease, save only the wear thereof from reasonable and careful use."

"Lessee accepts building as is condition and will make any and all necessary repairs inside and outside during the term of the lease."

■ There was evidence that the furnace was repairable and was in fact repaired by a subsequent purchaser of the property. The cause of the furnace malfunction was the build-up of calcium in the low-water cut-off valve. This condition could have been discovered if defendant had had the furnace inspected prior to the heating season as the landlord had done when he occupied the building and prior to commencement of the lease. The trial court could properly have found that the failure to have such a routine annual inspection was a breach of lessee's obligation under the lease to keep the "heating apparatus ... in good order and repair ...." Further the lease imposed upon the tenant the full obligation to maintain the heating system and repair it if necessary. Defendant relies upon *Mobil Oil Credit Corporation v. DST Realty, Inc.*, 689 S.W.2d 658 (Mo.App. 1985) for the proposition that a landlord is responsible for major structural repairs unless the lease specifically provides otherwise even where the lease requires the lessee to make "repairs". That case is clearly distinguishable. The repair of this furnace was not a "major structural repair" similar to that found in *Mobil.* The lease here specifically required the tenant to repair the heating apparatus, so if such repair is considered a major structural repair the lease imposed repair on the tenant. As the *Mobil* case also points out the rule stated therein does not apply unless the repair becomes necessary through no fault of the tenant. *Id.* [1]. The landlord had no duty under the lease to repair the furnace and he cannot be charged with constructive eviction in failing to do so.

■ Next defendant contends that the landlord accepted surrender of the premises when he signed a lease with another

tenant which had a term extending beyond the term in defendant's lease. The lease specifically authorizes the lessor to re-let the premises and credit the rent received against the rent obligation of the defendant. That is what he did. Additionally plaintiff filed this suit before entering into the second lease clearly indicating he was not accepting surrender of the premises.

For its third point defendant contends it should receive credit for the value of the improvements it made to the property. The short answer is that the lease provision involving alterations provides the opposite. We note also that in view of the option to purchase, improvements made by the lessee inured to its benefit upon exercise of the option. It presumably made the improvements with that in mind.

Finally defendant contends that it should not be charged for rent for March 1985, or for $2200 it contends was not supported by the evidence. The $2200 figure was clearly supported by the evidence. Both plaintiff and defendant's agent testified that they agreed that the three year lease would commence April 1, 1982, and that the initial rent would apply to April. In so doing they modified the commencement date of the lease. This they may do if the modification is supported by consideration. *Twin River Construction Co. Inc. v. Public Water District No. 6*, 653 S.W.2d 682 (Mo.App.1983) [2–5]. The modification here was for the benefit of both parties. We find no error in the amount of the judgment.

Plaintiff's motion for damages for frivolous appeal is denied.

Judgment affirmed.

KAROHL, P.J., and KELLY, J., concur.