Steven **KOOTMAN**, d/b/a Preston Hair Design, Plaintiff/Appellant,

v.

Leonard **KAYE**, Defendant/Respondent.

No. 53472.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 16, 1988.

---

1. Husband's motion to dismiss this appeal is denied.

Robert E. Jones, Clayton, for plaintiff/appellant.

Michael A. Turken, Leslie A. Broome, St. Charles, for defendant/respondent.

GRIMM, Judge.

Steven Kootman, a tenant of a commercial building owned by his landlord Leonard Kaye, installed a new air conditioning system in the building. Following the refusal of the landlord to reimburse him for its cost, the tenant sued. The trial court sustained the landlord's motion for summary judgment and tenant appeals. We affirm.

There are three allegations of error. First, that the trial court erred in granting landlord's motion for summary judgment in that the ruling misapplies the law because landlord must bear the burden of structural and substantial repairs to the leased premises. Second, that the trial court erred in granting landlord's motion for summary judgment because such ruling erroneously applies the law to the lease because the lease places the burden of replacing the air conditioning system on the landlord. Tenant's amended petition did not seek relief from the trial court on either of these theories. An appellate court's review of a summary judgment is limited to the theory presented to the trial court, *Steinmetz v. Missouri Highway and Transportation Commission*, 645 S.W.2d 36, 38 (Mo.App.W.D.1982), and therefore these points are denied. Third, that the trial court erred in granting landlord's motion for summary judgment since genuine issues of material fact remain to be resolved. We disagree, because tenant based his suit solely upon the legal theory that the premises were untenantable and uninhabitable; an implied warranty of habitability is applicable to residential property, but not to commercial property. *Mobil Oil Credit Corp. v. DST Realty, Inc.*, 689 S.W.2d 658 (Mo.App.W.D.1985).

A review of the facts reflects that in December, 1985, tenant entered into a written lease with landlord. Tenant operated a hair salon on the second floor and a clothing store on the ground floor of the leased premises. During the spring and summer months of 1986, tenant states that his customers "were complaining about the temperature in his salon". Tenant says that he notified landlord of the air conditioning problem, but that the landlord said it was the tenant's "problem", not his.

Tenant contacted Alro Heating and Cooling Company, Inc., and on July 14, 1986, Alro gave tenant a written proposal, saying that "Due to the load conditions of building and internal load the present system is not adequate". It offered to install two new units at a cost of $7370.00. Tenant notified landlord of Alro's report and offered to split the cost with landlord; landlord re-

fused. On July 14, 1986, tenant signed an agreement with Alro and paid Alro $2,000.00 that day; the balance was paid August 11, 1986.

Tenant then brought this suit. He alleged that (1) he leased the building; a copy of the lease was attached to the amended petition; (2) he determined that the premises "were untenantable and uninhabitable due to an inadequate cooling system"; (3) new air conditioning was installed at a cost of $7,370.00; (4) this work did not "constitute maintenance of the existing cooling system", (5) the $7,370.00 was spent to "render the Leased Premises tenantable and habitable for the purpose of conducting Plaintiff's business therein"; and (6) the improvements will inure to the benefit of the landlord.

Landlord filed a motion for summary judgment; attached was an affidavit, wherein, among other things, landlord denied that he had been advised that the premises were unquestionably untenantable and no agreement was reached on that point. Tenant filed an affidavit in opposition, wherein, among other things, he stated that the new units "do not constitute alterations, additions, or improvements beyond the habitable, tenantable premises promised".

In ruling on a motion for summary judgment, both the trial court and the appellate court need to scrutinize the record in the light most favorable to the party against whom the summary judgment was rendered, and must grant to that party the benefit of every doubt. *Hill v. Air Shields, Inc.,* 721 S.W.2d 112, 115 (Mo.App. E.D.1986). A summary judgment may be rendered only where it is made manifest by the record that there is no genuine issue of material fact. *Mercantile Trust Co. v. Carp,* 648 S.W.2d 920, 923 (Mo.App.E.D. 1983); Rule 74.04(c).

On appeal, tenant first alleges that the trial court erred in granting landlord's motion for summary judgment in that the ruling misapplies the law because landlord must bear the burden of structural and substantial repairs to the leased premises.

■ Tenant, in his pleadings, requested relief from the trial court on the theory that the premises were "untenantable and uninhabitable". Tenant, however, did not raise the theory of structural and substantial repairs in his petition. Since an appellate court is a "court of review", our review and consideration is limited to the theory presented to the trial court. *Steinmetz v. Missouri Highway and Transportation Commission,* 645 S.W.2d 36, 38 (Mo.App.W.D.1982). Thus, this point is denied.

■ However, we would reach the same result even if the point were properly before us. Tenant, in support of his position, refers us to *Mobil Oil Credit Corp. v. DST Realty, Inc.,* 689 S.W.2d 658 (Mo.App.W.D. 1985). There, the sole issue was, "where a commercial lease is silent, which party is to pay for newly discovered latent and substantial repairs, structural in nature, the landlord or the tenant?" There, a parking garage needed extensive structural repairs at a cost of $438,207.66. Here the "problem" was the air conditioning system. An air conditioning system is not "structural in nature", and thus *Mobil* is distinguishable. *See Abuzeide v. Body of Christ Fellowship, Inc.,* 739 S.W.2d 759 (Mo.App.E.D. 1987), wherein the repair of a furnace was found not to be a "major structural repair". Finally, the lease here placed the expense of "all repairs and alterations deemed necessary" by the tenant on the tenant, and that before undertaking any repairs (other than minor interior non-structural and emergency repairs), the tenant had to first obtain the landlord's approval. Such approval was not obtained.

Tenant's second issue on appeal is that the trial court erred in granting landlord's motion for summary judgment since such ruling erroneously applies the law to the lease in that the lease places the burden of replacing the air conditioning system on the landlord.

We can dispose of this issue summarily by reiterating our earlier discussion regarding tenant's claim concerning substan-

tial and structural repairs. Tenant's sole theory of recovery in his petition was that the premises were untenantable and uninhabitable.

■ On oral argument, he claims that the attaching of a copy of the lease to the petition was sufficient to present this theory to the trial court. However, the mere attachment of a sixteen page (legal-size paper, much of it single-spaced) lease as an exhibit, without in any way in the petition drawing the attention of the defendant or the court to particular sections thereof, is insufficient to indicate that some theory for recovery is contained therein.

■ Even if we were to reach the issue now presented by tenant, we would conclude that, under the written lease, the tenant would not be successful. The landlord agreed in the lease to "replace the compressor in the air conditioning system if Lessor's designated contractor indicates that the compressor is faulty". Here, we are not talking about just a compressor, but rather two new units. Further, there was no allegation that Alro Heating and Cooling Company, Inc., was the landlord's "designated contractor".

Tenant's third issue on appeal is that the trial court erred in granting landlord's motion for summary judgment because genuine issues of material fact remain to be resolved.

■ Tenant's sole theory upon which relief is requested is that the premises were "untenantable and uninhabitable due to an inadequate cooling system". This implied warranty of habitability has been held to apply only to residential property and not to commercial leases in Missouri. *Mobil Oil Credit Corp. v. DST Realty, Inc.,* 689 S.W.2d 658, 659 (Mo.App.W.D.1985). It is undisputed that the leased premises here involve the rental of commercial property. Thus, tenant is precluded from obtaining relief based upon the theory that the landlord violated the implied warranty of habitability.

Our examination of cases outside of Missouri reveals that Missouri follows the majority of the states in refusing to extend the implied warranty of habitability to commercial leases. See, e.g. *J.B. Stein & Co. v. Sandberg,* 95 Ill.App.3d 19, 50 Ill.Dec. 544, 419 N.E.2d 652, 657 (1981); *Randall Co. v. Alan Lobel Photography, Inc.,* 120 Misc.2d 112, 465 N.Y.S.2d 489 (N.Y.City Civ.Ct.1983); *Olson v. Scholes,* 17 Wash. App. 383, 563 P.2d 1275, 1281 (1977); *Golub v. Colby,* 120 N.H. 535, 419 A.2d 397, 398 (1980); *Fireman's Fund Insurance Co. v. BPS Co.,* 23 Ohio App.3d 56, 491 N.E.2d 365, 370 (1985). See, generally, Restatement (Second) of Property, Landlord and Tenant, § 5.1 Caveat and Comment (1977).

Thus, tenant is not entitled to relief under the theory of implied warranty of habitability in Missouri. Therefore there was no genuine issue of material fact that remains to be resolved. Tenant's third point is denied.

The judgment is affirmed.

SIMON, P.J., and CRANDALL, J., concur.