OPINION OF THE COURT
Louis B. York, J.
This is a commercial nonpayment of rent proceeding. From the facts gleaned from the pleadings, it appears that respondent occupies the 10th floor in a building at 78 5th Avenue. Respondent is engaged in a recording business at the subject premises. Equipment is often brought to the premises by *352 customers and obviously carried to respondent’s 10th floor premises via the single elevator in the building.
Early in the summer of 1989, the respondent alleges that the elevator stopped functioning but eventually functioned again, although improperly. Respondent stopped paying his rent which resulted in the petitioner bringing this summary proceeding. Two counterclaims were asserted by respondent, both of which are the object of petitioner’s motion to dismiss. One is to recover damages of $100,000 for lost business as a result of the elevator’s inoperability and the other is to recover damages of $100,000 as a result of petitioner’s breach of contract.
Petitioner moves to dismiss both counterclaims on the ground that the tenant’s right to assert a counterclaim has been waived in the lease.
LEGAL DISCUSSION
While it is true that a counterclaim interposed in violation of a waiver clause may be dismissed without prejudice to the tenant’s right to bring an independent action (Linker v Herard, 13 Misc 2d 445 [App Term, 2d Dept 1958]), such a counterclaim will be permitted where the tenant alleges reduction or lack of essential services or interference with the right to possession, use or enjoyment. In other words, counterclaims inextricably linked to the summary proceeding for nonpayment of rent, even in the face of a waiver clause, will stand. (Haskel v Surita, 109 Misc 2d 409 [Civ Ct, NY County 1981].)
Traditionally, these principles have been limited to residential tenancies, while commercial tenants were held rigidly to the terms of the waiver clause. (Bomze v Jaybee Photo Suppliers, 117 Misc 2d 957 [App Term 1983]; Randall Co. v Lobel Photography, 120 Misc 2d 112 [Civ Ct, NY County 1983].)
The present rule excluding commercial tenants from the benefits of a few narrow exceptions to the waiver of counterclaims clause is hopelessly outdated. It is inconsistent with notions of nonwaivability in consumer areas contained in the warranty of merchantability and fitness for use (UCC 2-314; 2-315).
In Park W. Mgt. Corp. v Mitchell (47 NY2d 316 [1979]), then Chief Judge Cooke cited the shift from an agrarian to a modern urban society as the principal reason for shifting the burden of repairs from the tenant to the landowner. Formerly, *353 the tenant rented the land with all the structures on it and, therefore, assumed the burden of repair. Presently, the typical commercial tenant, like the residential tenant, rents a space in a building along with many other tenants. When the elevator breaks down he has neither the expertise nor even the right to repair it. He, along with the other tenants, must wait for the landlord to make the repairs on, in this case, the one elevator in the building. In the meantime, because his premises are on the 10th floor, heavy recording equipment cannot be brought up and, ostensibly, he suffers loss of business.
The instant tenant should have the right to setoffs and counterclaims for loss of such essential services in the summary proceeding just as a residential tenant would. That is because the claim of the tenant is so linked with the claim of the landlord, the facts are so closely connected that resolving them in one lawsuit instead of two will result in economizing judicial and attorney time with a concomitant saving of legal costs. It will also avoid the harshly negative result of a tenant being evicted even though his successful counterclaims in a second plenary action results in a greater recovery than in the landlord’s summary proceeding.
For the foregoing reasons, the motion to strike respondent’s first and second counterclaims is denied.
This matter is set down for trial in Part 52 on November 1, 1989.