OPINION OF THE COURT
Doris Ling-Cohan, J.
In this summary proceeding for nonpayment of rent in a commercial tenancy, it is undisputed that respondent is no longer in possession of the subject premises, having vacated and surrendered possession on March 5, 2001, two days prior to the *803 first date this case appeared on the court calendar in the Commercial Landlord-Tenant Part of the Civil Court.[1]
Before the court are the following motions: (1) petitioner’s motion filed on or about March 15, 2001 for an order striking respondent’s affirmative defenses, counterclaims and demand for a bill of particulars; (2) respondent’s cross motion filed on or about March 23, 2001 for summary judgment of dismissal pursuant to CPLR 3212; and (3) petitioner’s “cross motion” to respondent’s cross motion[2] filed on or about June 5, 2001, for an order denying respondent’s cross motion, amending the petition and allowing the service of an amended petition. Prior to the submission of the within motions, the case appeared on the court’s calendar no less than eight times.
The issue before this court is whether it is appropriate for this case to continue to be litigated as a summary proceeding in the Commercial Landlord-Tenant Part of the Civil Court, despite respondent’s surrender of possession of the premises which is the subject of this proceeding.
“The statutory remedy of summary proceedings was designed to provide the landlord with ‘a simple, expeditious and inexpensive means of regaining possession of his premises’ [citation omitted].” (Ennismore Apts. v Gottlieb, NYLJ, Sept. 24, 1992, at 24, col 5 [App Term, 1st Dept]; see also Reich v Cochran, 201 NY 450 [1911].) In a summary proceeding for the recovery of possession of a residential or commercial premises, “once the issue of possession is moot, the remaining issues need not be summarily resolved.” (Paumi Corp. v Khafi, NYLJ, Jan. 31, 1990, at 24, col 3 [Civ Ct, NY County].) Although it is well settled that a surrender of possession by a tenant during the pendency of a summary proceeding does not divest this court of jurisdiction over the remaining issues (Rockefeller Ctr. Props. v Management Advancement Corp., NYLJ, Oct. 30, 1996, at 25, col 3 [App Term, 1st Dept]), it does provide the court with the ability to, in its discretion, refer the case to Civil Court for plenary disposition. (See Paumi Corp., supra; Wards Constr. Co. v Arda, NYLJ, Apr. 5, 1995, at 29, col 6 [Civ Ct, NY County].)
*804 In the within case, where it is clear that (1) possession is no longer an issue; (2) the parties have opted to file numerous motions; (3) the expediency of a disposition does not appear to be a major concern of the parties, as numerous consent adjournments have been obtained; and (4) respondent has asserted a counterclaim for, inter alia, the return of her security deposit which would otherwise need to be stricken (see Bomze v Jaybee Photo Suppliers, 117 Misc 2d 957 [App Term, 1st Dept 1983]), this court finds it inappropriate to further add to the already burdened Commercial Landlord-Tenant Part of this court a matter which need not be summarily decided. Further, in the interest of judicial economy and the court’s scarce resources, it is far more efficient and productive to dispose of all of the issues relating to the within parties in one action.
Although there is discretion to transfer this case to the plenary part of the Civil Court and deem the notice of petition and petition as the summons and complaint, the court declines to do so because such transfer is complicated by the fact that the petitioner is seeking to amend its pleadings. Further, the prerequisites and the requirements for pleading a breach of contract are different than a summary nonpayment proceeding. Consequently, the current procedural posture in which there are several pending motions, including the motion to amend the petition and to deny discovery and respondent’s challenge to the service of the rent demand[3] and the petition, make this a more appropriate case for dismissal without prejudice rather than transfer. Accordingly, it is ordered that this summary proceeding be dismissed, without prejudice to either party’s right to commence a plenary action for their monetary claims. Petitioner’s motion and cross motion and respondent’s cross motion are denied without prejudice to asserting such claims and defenses in the context of any subsequent plenary action.

. This commercial nonpayment proceeding was commenced by petitioner in the Commercial Landlord-Tenant Part of this court on or about February 22, 2001, by the alleged service of a notice of petition and petition. On or about February 23, 2001, respondent served and filed an answer asserting numerous affirmative defenses, two “set-offs,” two counterclaims, and a demand for a verified bill of particulars.

. The court notes that there is no statutory provision which allows a party to cross-move in response to a cross motion.

. In a plenary action for breach of contract a rent demand is not required by statute.