20W 33rd Bldg. LLC v Best Brand Home Prods. Inc (2024 NY Slip Op 51233(U))

[*1]

20W 33rd Bldg. LLC v Best Brand Home Prods. Inc

2024 NY Slip Op 51233(U)

Decided on September 9, 2024

Civil Court Of The City Of New York, New York County

Li, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 9, 2024
Civil Court of the City of New York, New York County

20W 33rd Building LLC, Petitioner(s),

against
Best Brand Home Products Inc; BEST BRAND SALES COMPANY LLC, Respondent(s).

Index No. LT-310387-23/NY

Plaintiff's counsel:
Moshe Chaim Bobker
120 Broadway Ste 948
New York, New York 10271-0996
Defendant's counsel:
RHEEM BELL & FREEMAN, LLP
20 W 36th St FL 12
New York, New York 10018

Wendy Changyong Li, J.

I. Recitation of the papers considered in the review of this Motion as required by CPLR 2219 (a)
Upon reading Petitioner's motion to strike ("Motion"), Respondent's Affirmation in Opposition ("Opposition") with counterclaims, Petitioner's reply ("Reply"), and Respondent's Sur-Reply, together with all supporting documents, Petitioner's Motion is decided as follows.

 II. Procedural History
Petitioner commenced the instant holdover proceeding against Respondent for a judgment of possession and money damage in the amount of $359,052.51 in unpaid rent, plus fees, interest, costs, and disbursements on May 23, 2023 with respect to 20 West 33rd Street Entire 5th Floor, New York, NY 10001 ("Premises"). Respondent interposed an answer ("Answer") and two counterclaims ("Counterclaims") on June 23, 2023. Subsequently, Petitioner filed the instant Motion seeking to i) dismiss all affirmative defenses raised by Respondent in the Answer; and ii) dismiss and/or sever both Counterclaims. Respondent [*2]opposed.
Pursuant to the motion papers, Respondent rented the Premises from the Petitioner pursuant to a lease agreement dated October 1, 2003 which as modified and amended by a lease amendment dated March 15, 2013 (collectively, the "Lease"). The building ("Building") where the Premises were located were converted from a commercial rental building to a commercial condominium in 2017 and Petitioner purchased the Premises in October 2020. Respondent disputed the real estate tax payment calculation after Petitioner became the landlord and stopped paying rent at certain point. Petitioner served Respondent with termination notice pursuant to the Lease and the Lease terminated on May 15, 2023 by the landlord. In addition, the term of the Lease expired on December 31, 2023.

 III. Discussion
On a motion to dismiss affirmative defenses and/or sever the affirmative defenses raised and counterclaims asserted by Respondent pursuant to CPLR 3211(b) and 3211(a)(6) Petitioner bears the burden of demonstrating those defenses are without merit as a matter of law (534 E. 11th St. Hous. Dev. Fund Corp. v. Hendrick, 90 AD3d 541, 541-42 [1st Dep't 2011]). Respondent is "entitled to the benefit of every reasonable intendment of the pleading, which is to be liberally construed A defense should not be stricken where there are questions of fact requiring trial" (id.).
Respondent, in its Answer, asserted twelve (12) affirmative defenses as follow.
1. Failure to State a Cause of Action
Respondent alleged that Petitioner had not proffered sufficient facts to maintain the cause of action (See Answer at ¶18). The Court disagrees. Paragraph 36 of the Lease defined default and allowed for the termination of the Lease where Respondent failed "to pay Rent or other payment due hereunder" (See Petitioner Exhibit 1). Moreover, Paragraph 1(f) of the Lease defined "Rent" as the sum of "Fixed Minimum Annual Rent, additional rent, and all other charges" (id.). Petitioner's submission of estoppel certificates in its Reply affidavit indicated that Respondent was aware and agreed to be responsible for the payment of real estate taxes as part of its rent obligation. Here, the Court finds that Petitioner has stated a cause of action and Respondent's affirmative defense 1 is stricken.
2. Defective Service of the Notice of Default and Notice of Termination
Respondent asserted service of the notice of default and notice of termination were defective such that Petitioner was incapable of maintaining this holdover proceeding (See Answer at ¶20 and ¶21). The Court disagrees. Petitioner's Notice of Default set forth the basis for the termination and was served pursuant to the terms of the Lease. Notice to Respondent was sent to the Premises pursuant to the affidavits of service of D. Lawson on May 3, 2023 demonstrating that the notices were sent to the Respondent by overnight mail on May 2 and May 3, 2023. Respondent's Opposition presented no factual basis to support such affirmative defense. Accordingly, this affirmative defense is stricken.
3. Improper Service of Process
Respondent alleged that service of the Petition was defective (See Answer at ¶23). The Court disagrees. The affidavit of Y. Jean-Baptiste sworn to on May 26, 2023 attested to service on a person of suitable agree and discretion at the Premises. Respondent's Opposition provided no factual basis supporting this affirmative defense. The Court is not presented with any sworn denial of service by any of Respondent's principals, officers or employees. There is no factual disagreement as to whether service was effectuated. As such, there is no need for a traverse hearing. Bare recitation of the affirmative defense of defective service of process is not sufficient to establish movant's prima facie case (Nussbaum Res. I LLC v. Gilmartin, 195 Misc 2d 145, 145 [Civ. Ct. Bx. Cty. 2003]; Chelsea 8th Ave. LLC v. Chelseamilk LLC, 220 AD3d 565, 567, [1st Dep't 2023]). The affirmative defense is stricken.
4. Failure to Serve Proper Predicate Notices
Respondent alleged that Petitioner failed to serve the proper predicate notices on Respondent pursuant to the Lease and relevant law (see Answer at ¶25). The Court disagrees. Paragraph 36(a) of the Lease stated that in the event Respondent failed to pay any Rent or other payment due under the Lease, Petitioner was to send a written 10-day notice of default upon Respondent. Petitioner has done so pursuant to the Lease (See Petitioner Exhibit 2). In its 10-day notice of default letter, Petitioner detailed the amount outstanding and followed the notice provisions of the Lease (id.). Respondent's Opposition provided no factual basis for this affirmative defense other than a conclusory threadbare recital of the same. This is insufficient as a matter of law. The defense is stricken.
5.Petitioner breach and failure to complete performance
6. Petitioner claims barred by the terms of documentary evidence
7. Respondent does not owe amounts due
8. Relief barred by waiver
9. Respondent entitled to offset of alleged damages
12. Respondent is not in breach of any agreement
Respondent asserted Petitioner's claims were the result of its own breach and failure to complete performance under the terms of the Lease (See Answer at ¶26). In the Opposition, Respondent substantiated that parties modified the terms of the lease through an amendment. Through a change of ownership of the Premises and extinguishment of the Building as a taxable entity for tax purposes, Respondent argued that the provisions of the Lease pertaining to Respondent's real estate tax obligations became unenforceable and inapplicable. As such, Respondent argued that its payments constituted an "unwarranted and erroneous" overpayment of rent totaling $224,837.37. (See Respondent Exhibit F.) Respondent alleged that the prior owner acknowledged that Respondent's real estate tax calculations were incorrectly calculated and were entitled to a credit in the amount of the alleged overpayment. Respondent claimed it overpaid real estate taxes since the time the Building became a condominium and therefore was entitled to an offset.
Petitioner countered with estoppel certificates in its Reply affidavit from E. Jin evidencing that Respondent had acknowledged owing real estate taxes. Specifically, Petitioner pointed to Paragraph 4 of the said estoppel certificate signed by Respondent's principal officer [*3]affirming a real estate tax obligation as part of the Lease.
Here, this dispute centers on two questions: 1) liability for real estate tax obligations for the Premises and 2) the amount owed. This Court severs these above affirmative defenses. For the matter at hand, the explicit terms of Paragraph 36(i) of the Lease proscribed the Respondent from asserting counterclaims in a holdover proceeding. New York courts traditionally recognizes the terms of the leases where tenants are prohibited from asserting counterclaims (Chinatown Preservation HDFC v. Chen, 2010 NY Misc. LEXIS 872 *5 [Civ Ct. Ny Cty. 2010]). Courts have held that the determination of the "complex questions" is not proper for "a summary holdover proceeding", rather, those "complex questions" shall be resolved in a "plenary action" brought by Respondent (See Bomze v. Jaybee Photo Suppliers, Inc. 117 Misc 2d 957, 958 [1st Dep't 1983]).
Respondent's eighth affirmative defense was that the relief sought by Petitioner had been waived. The Court disagrees. Paragraph 38 of the Lease contained an explicit no waiver clause in Petitioner's favor. "Waivers of counterclaims are enforceable, especially in summary proceedings, because "the character of summary proceedings, which are designed to expeditiously resolve disputes between landlord and tenant, would be undermined if tenants were permitted to litigate complex counterclaims in the context of summary proceedings" (Chinatown Preservation HDFC v. Chen, 2010 NY Misc. LEXIS 872 *5 [Civ. Ct. Ny. Cty. 2010] citing Bomze v. Jaybee Photo Suppliers, Inc. 117 Misc 2d 957, 958 [1st Dep't 1983]).
Respondent is free to bring a plenary action with its counterclaims in a separate proceeding. Here, the overcharge claim unduly complicates the case and infringes on Petitioner's right to an expedited summary proceeding. "Summary proceedings, which are designed to expeditiously resolve disputes between landlord and tenant, would be undermined if tenants were permitted to litigate complex counterclaims in the context of summary proceedings. That is not to [state that] the tenant is deprived of a cause of action which he is barred from asserting as a counterclaim in a summary proceeding; the tenant is merely relegated to asserting such a cause of action in a plenary action." (Bomze v. Jaybee Photo Suppliers, Inc. 117 Misc 2d 957, 958 [1st Dep't 1983].) Therefore, affirmative defenses five, six, seven, eight nine and twelve are severed.
10. Relief Barred by Estoppel
11. Relief Barred by Unclean Hands
Respondent asserted that the affirmative defenses of estoppel and unclean hands. "The party invoking a defense of equitable estoppel must establish '(1) [c]onduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than and inconsistent with, those which the party subsequently seeks to assert; (2) intention, or at least expectation, that such conduct will be acted upon by the other party; (3) and, in some situations, knowledge, actual or constructive, of the real facts.'" (757 3rd Ave. Assoc., LLC v. Patel, 117 AD3d 451, 453 [1st Dep't 2014] citing BWA Corp. v. Alltrans Express U.S.A., Inc., 1985 NY App. Div. LEXIS 52087 *6 [1st Dep't 1985].) The defense of unclean hands requires a demonstration that Petitioner's alleged violations of Respondent's rights rose to the level of "immoral" or "unconscionable" conduct (214 Lafayette House LLC v. Akasa Holdings LLC, 209 N.Y.S. 3d 335, 340 [1st Dep't 2024]). "The allegations set forth in the answer must be viewed in the light most favorable to the defendant, and 'the defendant is entitled to the benefit of every reasonable intendment of the pleading, which is to be liberally construed'. Further, the court should not dismiss a defense where there remain [*4]questions of fact requiring a trial." (142 Fifth Ave Owners Corp. v. Ferrante, 2019 NY Misc LEXIS 5612 *25 [Sup. Ct. Ny Cty 2019] citing Granite State Ins. Co. v. Transatlantic Reins. Co., 19 N.Y.S. 3d 13 [1st Dep't 2015]). Because questions of fact exist and are intertwined with Respondent's interposed counterclaims, this Court severs these affirmative defenses.
13. Respondent's Counterclaims and Attorney's Fees
Respondent brought two counterclaims alleging Petitioner has not performed its obligations under the Lease entitling Respondent to an offset of rent. However, the Lease explicitly prohibited the interposition of any offset claim or counterclaim in a summary holdover proceeding. (See Jin Aff., Exhibit 1, paragraph 36(i) of Lease.) Waivers of counterclaims in the terms of leases are enforceable (Wai Chan v. Gao Xiao Ying, 814 N.Y.S. 2d 566 [NY Civ. Ct. 2005]). Respondent's counterclaims are therefore severed. Respondent asserted a counterclaim for reasonable attorney's fees pursuant to the Lease and RPL 234. The Court looks at this claim as inextricably bound together with Respondent's underlying interposed counterclaims and sever it as well.

 IV. Order
Accordingly, it is
ORDERED that Respondent's Affirmative Defenses One, Two, Three and Four are dismissed; and it is further
ORDERED that Respondent's Counterclaims and Affirmative Defenses Five, Six, Seven, Eight, Nine, Ten, Eleven, and Twelve are Severed; and it is further
ORDERED that parties shall proceed to trial on October 9, 2024 at Part 52 at 9:30am.
This constitutes the DECISION and ORDER of this Court.
Dated: September 9, 2024
New York County
Honorable Wendy Changyong Li, J.C.C.