ANNA COOPER, RESPONDENT, v. LOUIS AIELLO, APPELLANT.

Submitted March 21, 1919—Decided July 11. 1919.

1. An agreement to make a lease for one year and to give an option for two years is a contract relating to and concerning an interest in lands, and in order to be enforceable there must be some memorandum or note thereof in writing and signed by the party to be charged therewith, or some person thereunto by him or her lawfully authorized.

2. The measure of damages sustained by the owner in an action on a breach of an agreement for a lease is the difference between the contract price of the premises as agreed upon and the amount plaintiff was able to realize upon the property after the breach of the agreement.

On appeal from the First Judicial District Court of Essex county.

Before Justices BERGEN, KALISCH and BLACK.

For the appellant, *Paul M. Fischer.*

For the respondent, *Walter G. Brandley.*

The opinion of the court was delivered by

KALISCH, J. The state of the case agreed upon between the attorneys of the respective litigants, *inter alia,* recites the following facts: "The action was to recover damages for the breach by the defendant of a verbal agreement alleged to have been made between the plaintiff and the defendant, to make a written lease for one year with an option of two years additional term on premises owned by the plaintiff in the borough of Caldwell." That the verbal agreement to make a written lease with the plaintiff was made by the defendant on October 1st, 1917, and that the plaintiff agreed to make and to pay for certain repairs and decorations as part of the terms of the letting; the term to be for one year, from November 1st, 1917, for the rental of $420, * * * with the option to renew for two years additional at $450 and $480, respectively; that at the time of making the verbal agreement the defendant paid $20 as a deposit on account of such rental, the plaintiff agreeing to prepare and execute a written lease with the defendant later; that a few days prior to November 1st, 1917, duplicate drafts of a lease unsigned by the plaintiff were sent to the defendant who informed the plaintiff that he would not accept the premises nor sign the lease.

The agreed state of the case further recites that "the court found a complete verbal contract as alleged by the plaintiff

to make a lease between the plaintiff and defendant as of October 1st, 1917, and assessed damages for the loss of rent for twelve months at $35 per month," and after deducting $20, which the defendant paid to the plaintiff on deposit at the time the verbal agreement was made, and $50 for "rent received from new tenant," gave judgment for the plaintiff against the defendant for $350.

The plaintiff's action was commenced on October 5th, 1918, and was based squarely on a breach of the defendant to enter into a lease for the premises, pursuant to the verbal agreement. At the time when the action was brought a year's rent would have accrued under a lease made in pursuance of the verbal arrangement. The court appears to have accepted the amount of rent fixed by the parties to the verbal agreement as the legal standard by which the plaintiff's damages should be assessed for the defendant's breach. This was erroneous.

Before entering into a discussion of the question whether the trial judge applied the proper rule relating to damages recoverable in a case where there has been a breach of an agreement by a defendant to enter into a lease, there is, in our judgment, a fundamental question which underlies the entire proceedings, and should be first disposed of, and that question is, Was the verbal agreement entered into by the litigants to make a lease a valid contract?

We think that under the doctrine declared in *Charlton* v. *Real Estate Co. (Court of Errors and Appeals)*, 67 *N. J. Eq.* 629, the plaintiff's action for a breach of the verbal agreement to make a lease and to give defendant an option of two years more is not maintainable, for the reason that the agreement to make a lease for one year and to give an option for two years more was a contract relating to and concerning an interest in lands, tenements and hereditaments, and in order to be an enforceable agreement, the statute of frauds requires that there should be some memorandum or note thereof in writing and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized. *Comp. Stat., p.* 2612, § 5.

It is important to bear in mind that the plaintiff's action cannot properly be based upon any lease to recover rent due, but must rest solely for support upon the verbal agreement made with the defendant that he would enter into a written lease with her and which verbal agreement she claims he breached, and for which breach she seeks damages. It is, therefore, plain that section 1 of the statute of frauds (*Comp. Stat., p.* 2610), which relates to leases, &c., is not applicable to the situation here.

Assuming that the verbal agreement for a lease between the parties is a valid one, the next question to be considered is, whether the trial judge in allowing the plaintiff to recover the rent reserved as damages applied the proper legal rule.

In 16 *Rul. Cas. L.* 553, § 24, under the caption "Agreement for Lease," the text reads: "There is a marked distinction as regards both the rights and liabilities of the parties between a lease and a mere agreement for a lease. Thus where the proposed lessee refuses to take a lease in pursuance of his agreement to do so, an action will not lie against him to recover the rent which he was to pay. The reason for this rule is that an agreement for a lease vests no estate in the proposed lessee and consequently the stipulated return cannot be recovered as rent."

As to the measure of damages to be applied where there has been a breach of an agreement for a lease by the prospective lessee, the rule is stated in 34 *Cyc.* 900, as follows: "The measure of damages sustained by the owner in an action on a breach of agreement for a lease is the difference between the contract price of the premises as agreed upon and the amount plaintiff was able to realize upon the property after the breach of the agreement."

A very instructive review of the cases on this topic is to be found in *Oldfield* v. *Angeles Brewing and Malting Co.,* 35 *L. R. A.* (*N. S.*) 426, where the court, in commenting on the decisions in other jurisdictions, dealing with the precise question raised here, at the bottom of page 429, concludes: "Other similar cases might be cited, but the above are suffi-

cient to indicate what to our mind is the better rule. When, therefore, appellant refused to take possession of the building erected by respondent under their contract, a cause of action immediately arose, and the measure of damages was not the rent reserved in the contract, as held by the trial court, but the difference between that sum and the rental value of the premises for the five years fixed in the agreement."

In the present case, it appears that several days before the time fixed by the parties to enter into a written lease, the plaintiff was notified of the defendant's refusal, and hence, it became incumbent upon the plaintiff to exercise, at least, ordinary diligence to let the premises to someone else. There is an utter absence in the record of any proof that the plaintiff made any effort whatever to obtain a tenant for the premises. It does appear, inferentially, from the circumstances that the trial judge deducted an item of $50 for rent from the damages assessed against the defendant, which sum, according to the plaintiff's state of demand, was rent for the months of September and October, 1918, ten months after defendant's breach, paid by a tenant of the premises.

We prefer, however, to reverse this judgment upon the fundamental ground that the plaintiff's action is not maintainable because it is founded on a verbal agreement, which is unenforceable, as being against the statute of frauds.

The judgment of the court below is reversed, and judgment ordered to be entered in this court for the defendant.