## BARBAT v M. E. ARDEN COMPANY

1. BROKERS—REAL ESTATE—PRINCIPAL AND AGENT—FULL DISCLOSURE
   —STATUTES.

   A real estate broker may not act as an agent for both parties to a
   transaction unless his agency relationship is fully disclosed to
   both principals (MCLA 451.213[d]; MSA 19.803[d]).

2. CONTRACTS—CONSIDERATION—UNENFORCEABLE PROMISE.

   An unenforceable promise cannot constitute consideration.

3. BROKERS—REAL ESTATE—EXCLUSIVE AGENCY—CONTRACT WITH
   BUYER—DUTY TO SELLER.

   An exclusive agency contract between a real estate broker and a
   potential buyer of certain property is invalid and unenforceable
   as against public policy where the broker is obligated to
   promptly tender to the seller any written offers to purchase
   (1973 AACS, R 338.2735).

4. BROKERS—REAL ESTATE—OFFER TO PURCHASE—IRREVOCABILITY—
   FAILURE OF CONSIDERATION—DISCLOSURE OF CONFLICTING ROLES.

   A clause in a buyer's offer to purchase property, which provided
   that the offer was irrevocable for 15 days in consideration of
   the broker's effort to obtain the seller's approval, is unenforcea-
   ble for a failure of consideration where the broker's promise to
   the buyer was void because (1) the broker represented the seller
   and (2) the broker had not informed the seller of his potentially
   conflicting roles.

Appeal from Macomb, George R. Deneweth, J.
Submitted February 7, 1977, at Lansing. (Docket
No. 27267.) Decided March 30, 1977.

Complaint by Saud Barbat against M. E. Arden

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 3 Am Jur 2d, Agency § 259.
   12 Am Jur 2d, Brokers § 87.
[2] 17 Am Jur 2d, Contracts § 108.

Company for return of a deposit made in connection with an offer to purchase real estate. Counterclaim by defendant for a full commission. Summary judgment for defendant on the counterclaim. Plaintiff appeals. Reversed and remanded.

*Jonas Sniokaitis* and *Salman T. Sesi,* for plaintiff.

*Robert N. Wienner,* for defendant.

Before: D. E. Holbrook, P. J., and R. B. Burns and M. F. Cavanagh, JJ.

R. B. Burns, J. Plaintiff sued for the return of a deposit of $3,000 made to the defendant realty company toward the purchase of real estate. Defendant counterclaimed for its full commission of $10,200. The trial court granted the defendant a summary judgment for the full amount of its counterclaim. We reverse and remand for trial on the merits.

The essential facts taken from the trial judge's opinion are as follows:

Plaintiff sought to purchase property located in East Detroit. On April 19, 1974 he signed a purchase agreement calling for the purchase of the aforesaid property and delivered a deposit check of $3,000 to defendant Arden Company. Plaintiff alleged that on April 29, 1974 the Arden Company advised the plaintiff that his offer had been rejected by the seller. He contends that he then withdrew his offer and demanded the return of his deposit. On May 3, 1974 the defendant advised plaintiff that his offer had been accepted. Plaintiff refused to close and again demanded the return of his deposit which was refused.

Plaintiff instituted the present suit. The defend-

ant denied the event of April 29, 1974 and counterclaimed for its full commission, $10,200.

It is the defendant's contention that as a matter of law the offer to purchase submitted by the plaintiff was irrevocable, that it was supported by good and legal consideration, and that it remained open for its entire term.

The irrevocability clause is as follows:

"In consideration of the Broker's effort to obtain the Seller's approval, it is understood that this offer is irrevocable for 15 days from the date hereof, and if not accepted by the Seller within that time, the deposit shall be returned forthwith to the Purchaser."

The trial court found:

"The main issue upon which a decision in this case turns is whether or not the aforesaid clause providing for irrevocability has adequate consideration to support it. If it did it is obvious that the Plaintiff could not revoke the Offer within the fifteen (15) day period. 1 *Williston on Contracts, Sec. 61; 17 Am. Jr. Contracts, Sec. 36, page 375.*

"Obviously express promises and/or considerations in the Brokerage Contract run from the Seller to the Broker. Therefore, if there is any consideration running from the purchaser to the Broker there must be promises of an implied nature existing in the relationship between these two parties. The Defendant Arden Company contends there is the necessary consideration stemming from the preparation of the Offer to Purchase and from its effort to obtain the Sellers approval of the Offer. The Court does not agree with this contention. These duties are duties which stem from the brokerage contract and place no onus on the purchaser. That being the case then, are there any implied promises from Broker to purchaser constituting the necessary consideration to support the irrevocability provision? It is almost axiomatic that the mere recitation of consideration creates only a rebuttable presumption that consid-

eration did in fact exist. However, it is this Court's opinion that by virtue of the clause in question in this Offer to Purchase the Broker was barred from seeking other purchasers for the full period of fifteen (15) days which the Offer was to be held open. It is this Court's further opinion that the detriment thus suffered by the Broker was adequate legal consideration and that it does in fact constitute consideration supporting the irrevocability clause contained in the Offer to Purchase."

We disagree with the trial judge. The defendant was bound by its obligations to the seller to submit any offers it received to the seller irrespective of the irrevocability clause in its contract with the plaintiff. It would have been a breach of its duty and obligation to the seller not to have submitted any other offer, even within the 15-day period. As stated in *Lister v Sakwinski,* 206 Mich 121, 125; 172 NW 397, 398 (1919):

"When plaintiff accepted employment from Mr. La Bounty as his broker the relations of principal and agent were established. Plaintiff's duty was to his principal. * * * The services were performed for Mr. La Bounty, not for the defendants. When plaintiff accepted employment as Mr. La Bounty's broker *he was bound to act for Mr. La Bounty alone, using his utmost good faith in his behalf."* (Emphasis supplied.)

Under common law, a broker could not act as an agent for both parties to the transaction unless its agency relationships were fully disclosed to both principals; this rule has been codified as MCLA 451.213(d); MSA 19.803(d). As the defendant broker has made no showing that the seller was informed of the broker's potentially conflicting roles, to the extent that it promised a performance to the purchaser, that promise was void as illegal. An

unenforceable promise cannot constitute consideration.

Defendant's claim that it was contractually bound to work exclusively in plaintiff's behalf for the 15-day period fails because any exclusive agency contract with the buyer would be invalid and unenforceable as against public policy. Rule 35 of the Michigan Department of Licensing and Regulation, governing real estate brokers and salesmen, 1973 AACS, R 338.2735, states:

"A broker or salesman, upon receipt of a written offer to purchase, *shall promptly tender* a written offer to purchase to the seller." (Emphasis supplied.)

We conclude that there was a failure of consideration to support the irrevocability clause at issue. The cause is remanded to the trial court for determination of the issue as to the rejection of the original offer and withdrawal of such offer.

Reversed and remanded. Costs to plaintiff.