159 N.J. Super. 400 (1978)
388 A.2d 264
STANLEY NOVAK, PLAINTIFF-APPELLANT,
v.
CITIES SERVICE OIL COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 8, 1978.
Decided May 19, 1978.
Before Judges ALLCORN, HORN and FURMAN.
*401 Mr. Stanley Novak, plaintiff, argued the cause pro se.
Mr. David H. Dugan, III, argued the cause for respondent (Messrs. Forkin, Dugan & Segal, attorneys).
PER CURIAM.
We affirm the summary judgment in the trial court in favor of defendant, essentially for the reasons expressed in the opinion of Judge Weinberg, reported at 149 N.J. Super. 542 (Law Div. 1977).
As to plaintiff's argument that the language found in the brochure supplied by defendant. "The card(s) shall remain the property of Cities Service, may be cancelled by it at any time, and upon its written request, you will surrender and mail same to it at its address set out below," requires advance written notice of cancellation, we hold from our reading of same that said language imposes no such obligation.
On the subject of qualified privilege, we believe the following quotation from Coleman v. Newark Morning Ledger Co., 29 N.J. 357 (1959), cited in Judge Weinberg's opinion, 149 N.J. Super. at 552, is particularly apt:
A communication "made bona fide upon any subject matter in which the party communicating has an interest, or in reference to which he has a duty, is privileged if made to a person having a corresponding interest or duty, although it contains criminatory matter which, without this privilege, would be slanderous and actionable"; the "fundamental test is the boda fides of the communication," and it is not privileged when the person making it has "full knowledge of its untruthfulness." Lawless v. Muller, 99 N.J.L. 9 (Sup. Ct. 1923). [29 N.J. at 375-376]
Affirmed.