294 N.J. Super. 37 (1996)
682 A.2d 281
MARIE C. CAMPI, PLAINTIFF,
v.
SEVEN HAVEN REALTY CO., DEFENDANT.
Superior Court of New Jersey, Law Division Monmouth County.
Decided June 25, 1996.
*39 Thomas M. McCarthy, for plaintiff.
David Kessler, for defendant.
*40 D'AMICO, J.S.C.
On January 10, 1996, plaintiff Marie Campi appeared at the rental office of defendant Seven Haven Realty, seeking to rent an apartment commencing February 1, 1996. Plaintiff completed and signed an "Application for Lease" and other documents and paid the sum of $675, which defendant contends represented the first month's rent. Plaintiff also paid a nonrefundable application fee of $25. Philip Oliveri, the resident manager, showed plaintiff the apartment, which plaintiff said she would like to rent.
The Application for Lease included the following provision:
"NO RENTAL PAYMENT MADE BY APPLICANT(S) HEREUNDER SHALL BE REFUNDABLE AFTER THE DATE HEREOF IN THE EVENT THAT APPLICANT(S) DESIRE(S) TO CANCEL THIS APPLICATION AND APPLICANT SPECIFICALLY AGREES TO FORFEIT SAID RENTAL PAYMENT IN SUCH EVENT."
The Application for Lease further stated: "FIRST MONTH'S RENT REQUIRED WITH THIS APPLICATION ... ONE MONTH'S SECURITY REQUIRED PRIOR TO OCCUPANCY." Defendant's rental agent told plaintiff that she would need someone to guarantee her lease obligations because she did not meet two requirements: length of employment and salary. Plaintiff responded that her mother, Sylvia Pacitti, would act as guarantor. Based upon this representation, defendant withdrew the apartment from the market.
On January 15, 1996, Sylvia Pacitti completed and signed an "Application for Guarantor of Lease" for the purpose of qualifying her as the guarantor of the lease on the apartment. Mrs. Pacitti disclosed her income, submitted her 1995 W-2 form, and executed a number of other documents. She also submitted a verification of employment. On January 18, 1996, defendant forwarded to Sylvia Pacitti's employer, Holy Trinity Church, a letter seeking verification that she was being paid a salary of $325. A prompt response was requested so that defendant might "process their application for an apartment as expeditiously as possible." There is no evidence that defendant ever received a verification from Holy Trinity Church.
*41 Meanwhile, on the afternoon of January 19, 1996, defendant notified plaintiff by telephone of her acceptance as a tenant. Plaintiff testified that she told defendant on that date that she could not go forward with the rental. Defendant's rental agent testified that plaintiff accepted the approval and merely indicated during two telephone conversations her disagreement with defendant's requirement of a child care letter. Plaintiff provided such a letter on January 19, 1996.
Defendant sent a formal notification of approval by certified mail on January 20, 1996. This notification requested that plaintiff come to the rental office before taking occupancy on February 1, 1996, to sign the lease and pay one month's security deposit. A similar letter was sent to Sylvia Pacitti.
On January 22, 1996, Sylvia Pacitti left a message on the answering machine at defendant's rental office, indicating that she had received the certified approval letter. She advised, however, that she could not guarantee or co-sign plaintiff's lease because she was retiring and would no longer make enough money. Defendant's representative testified that after plaintiff canceled the Application for Lease, defendant attempted to rent the apartment for February, 1996, but was unable to do so.
The issue before the court is whether the provision in the Application for Lease requiring the prospective tenant to advance the "first month's rent" with the completed application form, and permitting the lessor to retain it if the prospective tenant cancels the application, is enforceable. Plaintiff contends that defendant has wrongfully withheld the $675 payment and seeks double recovery and attorney's fees pursuant to the Security Deposit Act, N.J.S.A. 46:8-21.1. Defendant argues that the money retained constituted the first month's rent, not a security deposit, and that it is, therefore, not required to return it.
There are significant differences between an "Application for Lease" and a lease. A "lease" is "[a]ny agreement which gives rise to [a] relationship of landlord and tenant." Delmat Corporation *42 v. Kahn, 147 N.J. Super. 293, 297, 371 A.2d 296 (App.Div. 1977) (quoting Black's Law Dictionary 1035-36 (4th ed. 1968)). A residential lease consists of a "set of mutually dependent covenants". Westrich v. McBride, 204 N.J. Super. 550, 556, 499 A.2d 546 (Law Div. 1984). "[T]he tenant's covenant to pay rent is dependent ... [up]on the landlord's covenant permitting the tenant the quiet enjoyment of the leased premises." Ibid. The landlord must see to it that the tenant actually obtains full, complete, and exclusive possession. Adrian v. Rabinowitz, 116 N.J.L. 586, 186 A. 29 (Sup.Ct. 1936).
The Application for Lease and other documents prepared by defendant required plaintiff to come to the rental office, sign the lease, and tender a security deposit prior to taking occupancy. Plaintiff never signed the lease agreement, did not advance the security deposit, and did not take possession of the apartment. Plaintiff merely completed an application for a lease which she canceled before any landlord-tenant relationship was created. Consequently, the rule enunciated by the court in Cooper v. Aiello, 93 N.J.L. 336, 339, 107 A. 473 (Sup.Ct. 1919) applies:
"There is a marked distinction as regards both the rights and liabilities of the parties between a lease and a mere agreement for a lease. Thus, where the proposed lessee refuses to take a lease in pursuance of his agreement to do so, an action will not lie against him to recover the rent he was to pay. The reason for this rule is that an agreement for a lease vests no estate in the proposed lessee and consequently the stipulated return cannot be recovered as rent.'
Defendant argues, however, that the application for lease is a binding and enforceable contract. Defendant asserts that plaintiff's breach of the Application for Lease caused defendant to sustain anticipated and specified damages  namely, loss of rent in the amount of $675 for the month of February, 1996, which it would have received had it not taken the apartment off the market. This court finds, however, that plaintiff's alleged obligation to pay the rent for February, 1996, pursuant to the terms of the Application for Lease, was unsupported by valuable consideration.
*43 A contract must be supported by valuable consideration in order to be enforceable. Borbely v. Nationwide Mut. Ins. Co., 547 F. Supp. 959, 980 (D.N.J. 1981); Continental Bank of Pa. v. Barclay Riding Acad., 93 N.J. 153, 170, 459 A.2d 1163 (1983). "The essential requirement of consideration is a bargained-for exchange of promises or performance that may consist of an act, a forbearance, or the creation, modification, or destruction of a legal relation." Fregara v. Jet Aviation Business Jets, 764 F. Supp. 940, 948 (D.N.J. 1991); Shebar v. Sanyo Business Systems Corp., 111 N.J. 276, 289, 544 A.2d 377 (1988) (citing Restatement (Second) of Contracts § 71 (1981)). For consideration to be valid, "both sides must `get something' out of the exchange." Continental Bank of Pa., 93 N.J. at 170, 459 A.2d 1163 (citing Friedman v. Tappan Development Corp., 22 N.J. 523, 533, 126 A.2d 646 (1956); 1 Corbin on Contracts § 110 (1963)). Generally, consideration takes the form of either a benefit to the promisor or a detriment to the promisee. Continental Bank of Pa., 93 N.J. at 170, 459 A.2d 1163 (citing Novack v. Cities Serv. Oil Co., 149 N.J. Super. 542, 549, 374 A.2d 89 (Law Div. 1977), aff'd, 159 N.J. Super. 400, 388 A.2d 264 (App.Div.), certif. denied, 78 N.J. 396, 396 A.2d 583 (1978); 1 Corbin, supra, §§ 121-122).
Plaintiff filled out the Application for Lease, paid an application fee of $25, and also paid "rent" in the amount of $675. The exchange was wholly one-sided to the extent that plaintiff received nothing in return for the rent payment. The Application for Lease provides that the "applicant must be satisfactory to the Landlord, otherwise 1st month's rent will be returned"; but it also provides that "APPLICANT SPECIFICALLY AGREES TO FORFEIT SAID RENTAL PAYMENT" in the event applicant desires to cancel the application. Under this provision, the rent could be forfeited even though plaintiff was never afforded the right to occupy the premises, no lease having been executed. Hence, there was no "bargained-for exchange" of promises or performances. Plaintiff derived no legal benefit. She failed to acquire any "right to or an actual performance from the promisee *44 to which [she] was not otherwise legally entitled." L.B.D. Constr. Inc. v. Taxation Div. Director, 8 N.J. Tax 338, 347 (Tax 1986).
By the same token, defendant's removal of the subject apartment from the market cannot constitute legal detriment sufficient to support forfeiture of the February, 1996, rent. Because a promise to pay rent in the absence of a lease or landlord-tenant relationship and transfer of possession of the apartment to the tenant is unenforceable, such a promise cannot constitute consideration. Layton v. Cooper, 2 N.J.L. 65 (Sup.Ct., 1806) (a promise by a defendant, before the order of affiliation to support a child born out of wedlock and its mother, is without sufficient consideration); Barbat v. M.E. Arden Company, 74 Mich. App. 540, 254 N.W.2d 779, 781 (1977); 17 C.J.S. Contracts, sec. 192, p. 986.
This court finds that the consideration for defendant's withdrawal of the apartment from the market for between nine and twelve days was not the payment of the February rent, which defendant could not charge without giving plaintiff possession of the apartment, but rather the $25 application fee. There is no prohibition against the landlord's requiring a prospective tenant to pay a reasonable, non-refundable application fee to cover the temporary reservation of an apartment and the processing of an application for a lease, applications for guarantors, authorizations for release of confidential information, verifications of employment, and other documents. But prospective landlords cannot use the application process to extract rent, or the substantial equivalent thereof, from an applicant who for one reason or other  including but not limited to changed financial circumstances  cannot follow through on the application and execute a lease.
Our courts have held that "a contract which includes some prohibited parts is enforceable as to its valid provisions, if the prohibited and the valid provisions are severable...." Riddlestorffer v. Rahway, 82 N.J. Super. 423, 428, 197 A.2d 883 (Law Div. 1964) (citing Bauer v. City of Newark, 7 N.J. 426, 81 A.2d 727 *45 (1951); Restatement (First) of Contracts, § 603 (1932)). This court finds that the provision requiring plaintiff to forfeit the February, 1996, rent in the event of cancellation of the application, which is void for lack of consideration, can be severed from the Application for Lease. It is so ordered. The remaining provisions of the Application for Lease remain valid and enforceable; therefore, the defendant is not required to return to plaintiff the $25 application fee.
This court is unpersuaded by plaintiff's argument that the $675 payment constituted a security deposit within the meaning of N.J.S.A. 46:8-21.1, which provides, in relevant part, as follows:
Within 30 days after the termination of the tenant's lease ... the owner or lessee shall return by personal delivery, registered or certified mail the sum so deposited plus the tenant's portion of the interest or earnings accumulated thereon, less any charges expended in accordance with the terms of a contract, lease, or agreement, to the tenant....
In any action by a tenant, ... for the return of moneys due under this section, the court upon finding for the tenant, ... shall award recovery of double the amount of said moneys, together with full costs of any action and, in the court's discretion, reasonable attorney's fees.
Plaintiff cannot obtain double recovery and attorney's fees pursuant to N.J.S.A. 46:8-21.1, because she never became a tenant, and no lease was executed by the parties to this action. Moreover, the express terms of the Application for Lease identify the $675 payment as the first month's rent and call for the payment of a security deposit prior to taking occupancy of the apartment. The $675 payment was not a security deposit. N.J.S.A. 46:8-21.1 is therefore inapplicable.
Judgment will be entered in plaintiff's favor in the amount of $675, plus interest running from January 22, 1996 (the date plaintiff canceled the Application for Lease).