In the Matter of WITHINVESTORS ST. MARKS, LLC, Appellant, v KJY INVESTMENT LLC, Appellant. [46 NYS3d 69]—

Order, Supreme Court, New York County (Robert D. Kalish, J.), entered April 22, 2015, which, to the extent appealed from as limited by the briefs, denied the petition, granted the counterclaims to the extent of finding that respondent was entitled to a prepayment penalty in the amount of $197,803.98, and declined to award respondent attorneys' fees and costs of collection, unanimously modified, on the law, to grant the petition, declare that petitioner does not owe a prepayment penalty, and deny the counterclaims, and otherwise affirmed, without costs.

Contrary to the IAS court's (Milton A. Tingling, J.), decision, upon which the order appealed from was based, we find that paragraph 3 (5) of the December 19, 2012 debt modification agreement replaced only the table in the January 7, 2009 mortgage note, not the entire section captioned "Refinance and Prepayment Penalties if Mortgage Amount is paid before Amortization Period." Therefore, the sentence in the original note that states, "Notwithstanding anything to the contrary, no prepayment penalty shall apply if the payoff occurs as a result of a bona fide sale to a third party" is saved by paragraph 4 of the modification, which states, "Except as specifically amended by this Modification, all of the terms of the Prior Obligation shall remain in full force and effect."

Respondent contends that if the prepayment penalty exception is eliminated, there is no consideration for the modification. This argument ignores the affidavit submitted by petitioner's managing member, who said that, in order for petitioner to obtain the modification, he—or, more precisely, JSC Financial Investment, LLC—had to make an unsecured loan in the amount of $500,000 to respondent. Indeed, the debt modification agreement states, "Lender [i.e., respondent] acknowledges that it is the borrower under the Promissory Note with JSC . . . dated as of the date hereof."

Under New Jersey law, which governs the debt modification agreement, "[a]s long as a contract is bargained for by the promisee, it is immaterial that the benefit of the exchange runs to a designated third party beneficiary" (*Continental Bank*

*of Pa. v Barclay Riding Academy, Inc.*, 93 NJ 153, 171, 459 A2d 1163, 1172 [1983], *cert denied* 464 US 994 [1983]). By analogy, it is immaterial that respondent received consideration from JSC instead of from petitioner.

Respondent quotes *Novack v Cities Serv. Oil Co.* (149 NJ Super 542, 549, 374 A2d 89, 92 [Law Div 1977], *affd* 159 NJ Super 400, 388 A2d 264 [App Div 1978], *cert denied* 78 NJ 396, 396 A2d 583 [1978]) for the proposition that "[c]onsideration involves a detriment incurred by the promisee or a benefit received by the promisor, at the promisor's request" (149 NJ Sup at 549, 374 A2d at 92). However, the New Jersey Supreme Court has more recently stated, "The essential requirement of consideration is a bargained-for exchange of promises or per-formance . . . If the consideration requirement is met, *there is no additional requirement of gain or benefit to the promisor, loss or detriment to the promisee,* equivalence in the values exchanged, or mutuality of obligation" (*Martindale v Sandvik, Inc.*, 173 NJ 76, 87, 800 A2d 872, 878 [2002] [emphasis added]).

Since petitioner was not required to pay a prepayment penalty, it did not "fail[ ] to make any payment required by th[e] Note within thirty . . . days after its due date." In addi-tion, respondent points to no evidence that it declared petitioner in default. Thus, respondent is not entitled to at-torneys' fees or costs of collection. Concur—Friedman, J.P., Renwick, Saxe and Gische, JJ.