**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0599-23

AMERICAN EXPRESS
NATIONAL BANK,

     Plaintiff-Respondent,

v.

LISA ROSSETTI, a/k/a
DR. LISA A. ROSSETTI,

     Defendant-Appellant.

_____

Submitted December 3, 2024 – Decided January 13, 2025

Before Judges Perez Friscia and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-1024-22.

Lisa Rossetti, appellant pro se.

Doyle and Hoefs, LLC, attorneys for respondent (Michael J. Hoefs, on the brief).

PER CURIAM

Defendant Lisa Rossetti appeals from an order granting summary judgment to plaintiff American Express National Bank and entering judgment in the amount of $53,398.10 against her for debt owed on two revolving credit card accounts. We affirm since no genuine issues of material fact exist in the record that establish defendant was not legally responsible for the debts and therefore plaintiff is entitled to a judgment as a matter of law.

I.

Defendant was issued two American Express credit cards with account numbers ending in 3000 and 2006. Plaintiff's cardmember agreements provided use of the cards constituted acceptance of the agreement. After defendant applied and was approved for the credit accounts, plaintiff mailed her the credit cards with a copy of the cardmember agreement. In addition, plaintiff sent defendant revised and updated copies of the cardmember agreement periodically. The agreement stated in pertinent part that "by accepting and using the credit cards, defendant agreed to the terms of the cardmember agreement and therefore agreed to pay for all items charged to the accounts." The agreement also provided for plaintiff to pay for court fees in the event the accounts were submitted for collection.

A-0599-23

Defendant utilized the credit cards to pay for goods, services and obtain cash advances. Plaintiff sent defendant monthly statements that showed the amounts due on each account and the interest rates charged. Defendant received the statements and did not claim they were erroneous in any respect or otherwise object to them.

Defendant defaulted on her payments due on the accounts, and plaintiff subsequently suspended her charge privileges. In March 2022, having received no payments from defendant, plaintiff filed a complaint against defendant alleging causes of action for breach of contract, account stated, and unjust enrichment. The complaint alleged defendant owed $20,810.72 for the account ending in 3000 and $31,977.38 for the account ending in 2006, plus costs of $610.00 for a total amount due of $52,788.10, exclusive of court costs. Defendant filed an answer in May 2022. In her answer, defendant checked the box claiming she paid the balances.

A mandatory, non-binding arbitration was held in January 2023. On February 7, plaintiff filed a trial de novo from the arbitration. In August, approximately ten months after the discovery period ended, plaintiff moved for summary judgment. In support of its motion, plaintiff submitted a statement of material facts pursuant to Rule 4:46-2(a), an attorney certification, and affidavits

3

from plaintiff's assistant custodian of records which attached all pertinent documents providing proof of the debt owed.

Defendant filed a certification in opposition to the motion asserting she had a settlement agreement with plaintiff and has "bank records to prove that the alleged settlement payments were paid in full in the agreed to timeframe." She also claimed that she requested the recordings or transcripts of her phone conversations with plaintiff's employees confirming the settlement agreement on multiple occasions, but she never received them. Defendant claimed she was told after she made the final payment, she would receive written confirmation and the "incorrect information that was given to the credit reporting agencies would be removed." Further, she requested oral argument to present the bank records and other proofs that she paid the three $12,000 payments which satisfied the debt in full.

The trial court granted oral argument as requested by defendant. Defendant stated oral argument was to "have the opportunity to present the bank records and other proof that the settlement agreement was paid and satisfied the debt in full." Defendant, however, failed to appear for argument. After hearing from plaintiff and reviewing its written submission, the court granted plaintiff's motion for summary judgment. The court relied upon "all the supporting

A-0599-23

documentation [and] the legal arguments submitted by . . . plaintiff in the brief." Further, the court noted defendant filed a "disjointed and confusing answer somehow . . . asserting that this matter was settled." The court noted defendant's opposition did not satisfy the procedural requirements for opposing a summary judgment motion, explaining there were no citations to the record nor a counterstatement of material facts.

On September 11, 2023, the court entered an order granting plaintiff's motion for summary judgment for $20,810.72 for the account ending in 3000 and $31,977.38 for the account ending in 2006, plus costs in the amount of $610.00, for a total of $53,398.10.

## II.

On appeal, defendant argues plaintiff failed to prove she owes the alleged debt. Defendant reiterates her argument made to the trial court contending the debt has been settled in full and she owes no amount on her accounts. Defendant argues plaintiff's failure to provide discovery of the audio recordings and transcripts of her phone conversations with plaintiff's agents which would prove she paid the credit accounts leaves her no other way to prove she does not owe the debt. Defendant argues she expressly demanded plaintiff produce the phone audio recordings, which she claims demonstrated the debts were settled.

A-0599-23

Defendant specifically claims the phone audio recordings prove she settled the debts with plaintiff's representative, who informed her that after making the final payment, she would receive written confirmation she had done so. She claims that she never received this communication after completing the final payment. Defendant argues plaintiff never gave any reasons for failing to provide responses to discovery, which would have revealed facts to support her defenses.

III.

Our review of an order granting summary judgment is de novo, applying the same legal standard as the trial court, namely, the standard set forth in Rule 4:46-2(c). Conley v. Guerrero, 228 N.J. 339, 346 (2017). We consider whether "the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)).

A party opposing summary judgment "bears the . . . burden of responding. That burden is not optional[,] and it cannot be satisfied by the presentation of incompetent or incomplete proofs." Polzo v. Cnty. of Essex, 196 N.J. 569, 586 (2008) (citations omitted). "Rule 4:46-2 dictates . . . a court should deny a

summary judgment motion <u>only</u> where the party opposing the motion has come forward with evidence . . . creat[ing] a 'genuine issue as to [a] material fact . . . '" <u>Brill</u>, 142 N.J. at 529 (emphasis in original). "Competent opposition requires 'competent evidential material' beyond mere 'speculation' and 'fanciful arguments.'" <u>Cortez v. Gindhart</u>, 435 N.J. Super. 589, 605 (App. Div. 2014) (quoting <u>Hoffman v. Asseenontv.Com, Inc.</u>, 404 N.J. Super. 415, 425-26 (App. Div. 2009)). Further, <u>Rule</u> 4:46-2(b) unambiguously requires parties opposing summary judgment to include a response to the movant's statement of material facts admitting or disputing each of movant's assertions with precise record references as support. Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. 1.2 on <u>R.</u> 4:46-2 (2025).

It is well established that in order "[t]o collect on a revolving credit card debt, [the plaintiff] is required to provide the transactions for which payment has not been made, any payments that have been made, the annual percentage and finance charge percentage rates[,] and the billing cycle information." <u>LVNV Funding, L.L.C. v. Colvell</u>, 421 N.J. Super. 1, 7-8 (App. Div. 2011). Moreover, the consumer's use of a credit card constitutes the formation of a contract and signifies the consumer's acceptance of, and acquiescence to, the

terms therein.  See Novack v. Cities Serv. Oil Co., 149 N.J. Super. 542, 547-49 (Law Div. 1977), aff'd, 159 N.J. Super. 400 (App. Div. 1978).

After our de novo review, we conclude the record supports the court's finding that defendant's opposition failed to raise any genuine factual issues rebutting plaintiff's statement of material facts.  In its statement of material facts, plaintiff established the existence of a valid agreement evidencing existing credit card accounts in defendant's name by way of certifications and attached exhibits.  In addition to copies of billing statements, plaintiff attached a cardmember agreement that sets forth the terms of the accounts including interest rates and payment default terms.  Plaintiff provided proofs that defendant used the credit cards to make purchases.  Plaintiff also produced evidence that defendant failed to make payments when due under the terms of the credit agreement and she did dispute any charges after receipt of the statements.  Further, plaintiff also submitted billing statements of the accounts showing the amounts owed by defendant and interest rates charged.

Defendant's opposition relies on vague, unsupported statements concerning her repeated requests to American Express and its attorneys to provide audio recordings or transcripts verifying that a settlement was reached based on her alleged payments.  Importantly, while defendant argues she

possessed records showing proof of her payments to plaintiff which satisfied the debt owed, these records were not submitted in her opposition to plaintiff's summary judgment motion nor are the records contained in the record on appeal.

We further determine there is no support in the record that discovery should have been reopened and extended before summary judgment was granted. The discovery period concluded on October 24, 2022. An arbitration was held in January 2023. Defendant failed to make a motion to reopen or extend discovery which was returnable prior to the discovery end date or thereafter. See R. 4:24-1(c). Additionally, no proof exists in the record that defendant requested copies of the audio recordings or transcripts of the phone calls evidencing the "settlement agreement" in discovery. We note the only mention of transcripts contained in the record was through defendant's email of January 10, 2023, more than two months after discovery had closed.

To the extent we have not addressed any of defendant's remaining arguments, we conclude those arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-0599-23